# In the United States Court of Federal Claims

No. 18-1133T
(Filed: April 10, 2026)
**NOT FOR PUBLICATION**

```
*************************************
WILLIAM FRENCH ANDERSON and    *
KATHRYN D. ANDERSON,           *
                               *
             Plaintiffs,       *
                               *
v.                             *
                               *
THE UNITED STATES,             *
                               *
             Defendant.        *
                               *
*************************************
```

## **ORDER**

Plaintiffs have moved for sanctions against the United States, citing nineteen purported "false statements" from the government's reply in support of its motion for summary judgment. Mot. (ECF 55); *see* Def.'s Reply in Supp. of Mot. for Summ. J. (ECF 48); *see also* RCFC 11. The motion for sanctions is now fully briefed. *See* Resp. (ECF 56); Reply (ECF 59). The motion is **DENIED**, essentially for the reasons stated in the government's opposition.

"To avoid running afoul of RCFC 11, attorneys must engage in a factual and legal inquiry, reasonable under the circumstances, prior to presenting filings to the court." *Fritz v. United States*, 124 Fed. Cl. 134, 140 (2015). An attorney's signature likewise certifies that a document "is not being presented for any improper purpose[.]" *See* RCFC 11(b)(1). The Rule authorizes sanctions when attorneys breach those duties. *See* RCFC 11(c). But RCFC 11 sanctions are "not meant to be used to litigate disagreements on the relevance of alleged facts or the application of law to those alleged facts." *See* Resp. at 1 (citing *SEKRI, Inc. v. United States*, 166 Fed. Cl. 224, 234 (2023), and *Fritz*, 124 Fed. Cl. at 139–40).

None of the statements at issue comes close to the sanctionable level. Viewed most generously, Plaintiffs' motion challenges the government's arguments about, *e.g.*, characterization of the relevant issue before the Tax Court and the effect of the Tax Court's decision, the relevance of Plaintiffs' evidence, and the implications of Plaintiffs' own arguments. Those kinds of disputes are outside the range of RCFC 11 as a matter of law.

The only potentially culpable behavior in sight appears, in fact, to be Plaintiffs' own motion. Not only are Plaintiffs' arguments meritless at best, but many of them rest on tendentious misreadings or misquotations of the government's language. The bulk of Plaintiffs' sanctions briefing is devoted to hyperbole, intemperate accusations, and repetitious merits arguments. I have therefore considered *sua sponte* whether to order Plaintiffs to show cause why they should not be sanctioned for filing the motion.

I decline to do so for two reasons. First, Plaintiffs' argument for sanctions is so transparently groundless that it has taken little time to reject it. The government fully covered the motion in its four-page response, and has not sought sanctions. Nor has denying the motion taken much of this Court's time. Extracting compensation is unlikely to be worth anyone's effort.

Second, unprofessional conduct sometimes carries its own consequences. Plaintiffs have devoted their own time to the sanctions motion with nothing to show for it. In addition, as the government points out, Plaintiffs' motion reads like a surreply in opposition to the motion for summary judgment. *See* Resp. at 2. If Plaintiffs had prepared a surreply and conferred with the government, *see* RCFC 7.3, I would have at least entertained a motion for leave to file it. But because Plaintiffs elected to turn a colorable surreply into an utterly unjustified attack on the government's integrity, they have missed their chance.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge

- 2 -